Chris Michel

Plaintiff,

V.

Equifax Information Services LLC.,

Defendant.

Civil Action No.

JURY TRIAL DEMANDED

# COMPLAINT

This is an action for statutory, actual, and punitive damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

Equifax failed to provide Plaintiff with all information contained in Plaintiff's consumer file as required by 15 U.S.C. § 1681g(a), which directly interfered with Plaintiff's ability to dispute inaccurate and harmful credit data, causing financial harm, emotional distress, and credit denial.

## JURISDICTION AND VENUE

Jurisdiction is proper under 15 U.S.C. § 1681p and 28 U.S.C. § 1331 because this action arises under federal law.

Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PARTIES

Plaintiff Chris Michel is a natural person and resident of the Commonwealth of Massachusetts.

Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

Defendant Equifax Information Services, LLC is a Georgia limited liability company and a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal place of business at: 1550 Peachtree Street NW Atlanta, GA 30309.

# FACTUAL ALLEGATIONS

On or about [October 18, 2025], Plaintiff requested a copy of their consumer disclosure from Equifax through the official consumer reporting portal at:

http://www.annualcreditreport.com.

Equifax subsequently provided Plaintiff with a digital file purporting to represent Plaintiff's complete consumer disclosure.

However, the disclosure was incomplete and lacked critical information, including but not limited to:

- Complete account numbers

- Internal account identifiers

- Historical payment data

- Detailed reporting histories

The incomplete disclosure involved accounts reported by several furnishers, including but not limited to:

- American Express

- JPMCB Card Services

- Apple Card – GS Bank USA

Due to these omissions, Plaintiff was unable to determine:

- The true identity of the reported accounts

- The origin of the alleged debts

- Whether the reporting was accurate or fraudulent

- Whether the accounts were outdated, duplicated, or otherwise misreported.

These omissions made it impossible for Plaintiff to conduct a meaningful investigation or submit precise disputes regarding the negative entries appearing in the Equifax report.

Plaintiff's application was denied.

The adverse action notice specifically referenced negative information appearing on Plaintiff's Equifax credit report.

Because Equifax failed to provide a full disclosure of the information in Plaintiff's file, Plaintiff could not identify or challenge the inaccurate or unverifiable entries responsible for the credit denial.

As a result of Equifax's conduct, Plaintiff suffered:

- Emotional distress, including anxiety, frustration, and sleep disturbance

- Disruption of work concentration and daily responsibilities

- Financial harm due to loss of access to credit

- Out-of-pocket expenses related to credit monitoring, professional assistance, and dispute efforts.

Equifax's actions violate the plain language of 15 U.S.C. § 1681g(a), which requires consumer reporting agencies to provide a clear and accurate disclosure of all information in the consumer's file at the time of the request.

Plaintiff reasonably believes that Equifax maintains complete account data internally and provides that information to third parties, including lenders and debt collectors.

However, Equifax fails to provide the same complete information directly to consumers through the disclosures provided via annualcreditreport.com.

A Federal Trade Commission advisory opinion (Darcy Letter, June 30, 2000) confirmed that consumer reporting agencies must disclose all information in the consumer's file, and omissions of key account data violate FCRA §1681g(a).

Courts have also recognized the importance of full disclosure. In Washington v. Equifax, No. 3:19-cv-00154 (M.D. Tenn. 2019), the court emphasized that the FCRA requires disclosure of complete account information, not abbreviated summaries that prevent consumers from identifying disputed data.

Equifax's failure to provide a complete disclosure is not an isolated incident but part of a systemic practice that affects a substantial number of consumers nationwide.

Equifax's conduct was willful, or in the alternative reckless and negligent, in violation of the FCRA.

# COUNT I

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Failure to Clearly and Accurately Disclose File Contents – 15 U.S.C. § 1681g(a))

Plaintiff re-alleges and incorporates paragraphs 1–30 as if fully stated herein.

Equifax violated 15 U.S.C. § 1681g(a)(1) by failing to disclose all information contained in Plaintiff's consumer file.

Specifically, Equifax failed to disclose:

- Full account identifiers

- Complete historical payment information

- Internal account codes and reporting data necessary to identify and dispute the accounts.

These omissions prevented Plaintiff from exercising their statutory rights to investigate and dispute inaccurate reporting.

Equifax's conduct caused Plaintiff to suffer:

- Loss of credit opportunities

- Emotional distress

- Financial harm.

Plaintiff is entitled to:

a. Statutory damages of up to $1,000 under 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for willful violations;

c. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

d. Attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chris Michel respectfully requests that this Court:

1. Award statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

2. Award actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Award punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Award reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and/or 1681o(a)(2);

5. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


DATED: March 13, 2026

*Chris Michel*

Respectfully submitted,


Chris Michel

17 Decota Dr

Randolph, MA 02368


Pro Se Plaintiff


## EXHIBITS


**Exhibit A:** Equifax Consumer Disclosure – October 18, 2025


**Exhibit B:** FTC Advisory Letter (Darcy, June 30, 2000)


**Exhibit C:** Credit denial letter referencing Equifax data


**Exhibit D:** Screenshots or notes showing missing account identifiers or histories