UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CHRIS MICHEL,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | * * * * * * * * * * * * * | Civil Action No. 26-cv-11547-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Chris Michel ("Michel" or "Plaintiff") has filed a complaint against Equifax Information Services, LLC ("Equifax" or "Defendant") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., alleging that Defendant failed to provide him with all of the information in his consumer file. [ECF No. 1 ("Complaint" or "Compl.")]. Currently pending before the Court is Defendant's motion to dismiss for failure to state a claim. [ECF No. 9]. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

## I. BACKGROUND

### A. Factual Background

The following facts are drawn from Plaintiff's Complaint. For purposes of this motion, the Court "accept[s] as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." Lawrence Gen. Hosp. v. Cont'l Cas.

Co., 90 F.4th 593, 598 (1st Cir. 2024) (quoting Lanza v. Fin. Indus. Regul. Auth., 953 F.3d 159, 162 (1st Cir. 2020)).

On or around October 18, 2025, Plaintiff requested a copy of his consumer disclosure file from Defendant through the consumer reporting portal at annualcreditreport.com. [Compl. at 3]. Plaintiff received a copy of his file from Defendant which he alleges "was incomplete and lacked critical information," including: "[c]omplete account numbers," "[i]nternal account identifiers," "[h]istorical payment data," and "[d]etailed reporting histories." [Id.]. Plaintiff claims that these disclosure issues related to several accounts including "American Express," "JPMCB Card Services," and "Apple Card – GS Bank USA," and that due to the alleged omissions, he was unable to determine the identity of the reported accounts, the origin of the debts, whether the reporting was accurate, and whether the accounts were duplicates or otherwise erroneous. [Id. at 3–4]. He further claims that as a result of the alleged omissions, he was unable to conduct a meaningful investigation or submit disputes regarding his Equifax credit report. [Id. at 4]. Additionally, he states that "[his] application was denied," and that "[t]he adverse action notice specifically referenced negative information appearing on [his] Equifax credit report." Plaintiff does not specify what type of application he submitted, when it was submitted, or to whom, and he does not specify from whom or when he received the "adverse action notice." [Id.].

**B. Procedural History**

Plaintiff filed a one count Complaint on April 1, 2026, alleging Defendant violated section 1681g(a) of the FCRA by failing to disclose all information contained in his consumer file. [Compl.]. Defendant moved to dismiss on May 8, 2026, [ECF No. 9], and Plaintiff opposed the motion to dismiss on May 28, 2026, [ECF No. 16].

## II. LEGAL STANDARD

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff. See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019). "[D]etailed factual allegations" are not required, but the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (citation modified) (quoting Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)). The alleged facts must be sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "To cross the plausibility threshold a claim does not need to be probable, but it must give rise to more than a mere possibility of liability." Grajales v. P.R. Ports Auth., 682 F.3d 40, 44–45 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A determination of plausibility is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. at 44 (quoting Iqbal, 556 U.S. at 679).

Further, a pro se complaint must be "liberally construed" by a court and "'however inartfully pleaded,' [it] must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520–21 (1972)). "However, pro se status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) (citing Eagle Eye

Fishing Corp. v. U.S. Dep't of Com., 20 F.3d 503, 506 (1st Cir. 1994)). Additionally, "[w]here the court cannot ascertain the nature and basis of any legitimate claims, it is under no obligation to rewrite the pleadings on the plaintiff's behalf." Sanborn v. Bowers, 788 F. Supp. 3d 153, 158 (D. Mass. 2025) (citing D.S. v. Kijakazi, No. 22-cv-12001, 2024 WL 22858, at *1 (D. Mass. Jan. 2, 2024)).

## III. DISCUSSION

Defendant raises three arguments as to why Plaintiff's Complaint should be dismissed, including: (1) Plaintiff's claim does not involve information bearing on his creditworthiness and is therefore not actionable under the FCRA; (2) Plaintiff has failed to allege that the violation was willful or that he suffered actual damages; and (3) that Plaintiff lacks Article III standing because he has not alleged a concrete and particularized injury stemming from Defendant's conduct. [ECF No. 10 at 3–10].

### A. Article III Standing

The Court first addresses Defendant's standing argument because "[a] federal court must satisfy itself as to its jurisdiction, including a plaintiff's Article III standing to sue, before addressing his particular claims." Pagán v. Calderón, 448 F.3d 16, 26 (1st Cir. 2006). The Constitution gives the judiciary power to hear "Cases" and "Controversies," U.S. Const. art. III, § 2, cl. 1, and the Supreme Court has interpreted this language to mean that courts may decide only "cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process," Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). A plaintiff's standing to sue is "part of the common understanding of what it takes to make a justiciable case." Id. Therefore, "the absence of standing sounds the death knell for a case." Microsystems Software, Inc. v. Scandinavia Online AB, 226 F.3d 35, 39 (1st Cir. 2000).

Article III standing requires that three conditions be satisfied. "First and foremost, there must be alleged (and ultimately proved) an 'injury in fact.'" Steel Co., 523 U.S. at 103 (quoting Whitmore v. Arkansas, 495 U.S. 149, 155 (1990)). This injury "must be concrete in both a qualitative and temporal sense," "distinct and palpable" as opposed to "abstract," and "actual or imminent" as opposed to "conjectural or hypothetical." Whitmore, 495 U.S. at 155 (citation modified). Second, standing requires causation, defined as a "fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." Steel Co., 523 U.S. at 103. Finally, standing requires "redressability—a likelihood that the requested relief will redress the alleged injury." Id. "As the party invoking federal jurisdiction, [Plaintiff] bear[s] the burden of demonstrating that [he] ha[s] standing." TransUnion LLC v. Ramirez, 594 U.S. 413, 430–31.

Defendant argues that Plaintiff has not alleged a concrete and particularized injury because although Plaintiff mentions "emotional distress, including anxiety, frustration, and sleep disturbance . . . disruption of work concentration . . . and financial harm," he has failed to allege that he filed any disputes with Equifax or that he applied for and was denied access to credit. [ECF No. 10 at 8]. Specifically, Defendant contends that Plaintiff's failure to produce the credit report at issue "is fatal to his claims," pointing to a case where the 11th Circuit granted summary judgment when the plaintiff failed to provide evidence of the credit report at issue, [ECF No. 10 at 9 (citing Ray v. Equifax Info. Servs., LLC, 327 F. App'x 819, 826 (11th Cir. 2009))], and that Plaintiff "has alleged only a 'bare procedural violation that is divorced from any concrete harm,'" [id. (quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 341 (2016))].

In his opposition, Plaintiff contends that Defendant's act of providing him with an incomplete consumer file constitutes sufficient injury for Article III standing, and that he

suffered concrete harm because the allegedly incomplete disclosures prevented him from meaningfully reviewing his file or submitting a dispute. [ECF No. 16 at 8–9]. He also argues that the allegation that he applied for credit and was denied constitutes a concrete economic injury, and that he is not required to state the creditor's name or the application date in his Complaint. [Id. at 10]. Further, he contends that Defendant's act of disseminating the consumer file to Plaintiff himself satisfies the requirements for concrete injury in TransUnion. [Id.].

Although Defendant's discussion of the issue leaves much to be desired, the Court agrees that the allegations in Plaintiff's Complaint are insufficient to establish Article III standing. In so far as Plaintiff attempts to claim that he was harmed because his "application" was denied due to "negative information appearing on [his] Equifax credit report," [Compl. at 4], these allegations are insufficient to establish the type of concrete and particularized harm required for Article III standing. In TransUnion, the Supreme Court made clear that in order for consumers like Plaintiff to establish a concrete harm based on inaccuracies in their credit reports, the credit report must have been disclosed or disseminated to a third party, TransUnion, 594 U.S. at 434 ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm."), and "plaintiff may not plead standing simply through 'conclusory assertions' or 'unfounded speculation,'" Verlus v. Experian Info. Sols., Inc., No. 23-cv-11426, 2025 WL 836588, at *3 (D. Mass. Mar. 17, 2025) (quoting Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016)). "Rather, he 'bears the burden of establishing sufficient factual matter to plausibly demonstrate [his] standing to bring the action.'" Id. (quoting Hochendoner, 823 F.3d at 731). Plaintiff's vague and conclusory statement that his "application" was denied fails to meet these pleading requirements as he does not explain what

type of application he submitted, to whom, when he submitted it, when it was denied, or any other information regarding the application and subsequent denial.

That said, Plaintiff's claim that Defendant violated section 1681g(a) of the FCRA appears to focus more on the allegation that he received incomplete disclosures than on a claim of false reporting to a third party. See [Compl. at 6]. Courts have found that incomplete disclosures can constitute "a sufficiently concrete injury where [they] prevented the plaintiff from receiving 'fair and accurate reporting of their credit information' . . . or affected their ability to 'obtain the information [they] needed to cure [their] credit issues.'" Banks v. Equifax Info. Servs. LLC, No. 25-cv-00111, 2026 WL 628973, at *4 (E.D. Tex. Feb. 9, 2026) (first quoting Tailford v. Experian Info. Sols., Inc., 26 F.4th 1092, 110 (9th Cir. 2022) and then quoting Dreher v. Experian Info. Sols., Inc., 856 F.3d 337, 347 (4th Cir. 2017)). Even under this standard, however, the Court finds that Plaintiff still has not alleged sufficient facts to show that he suffered a concrete injury based on incomplete disclosures. Plaintiff's Complaint merely lists out four generic categories of information, including, "[c]omplete account numbers," "[i]nternal account identifiers," "[h]istorical payment data," and "[d]etailed reporting histories," and then states that "[t]he incomplete disclosure involved accounts reported by several furnishers" and lists out the names of three entities. [Compl. at 3]. He does not provide any further information regarding what data was actually missing from the file, which of the three listed accounts the data was missing from, or otherwise indicate what specific facts led him to claim that Defendant had failed to meet its disclosure requirements. See generally [Compl.]. For example, he does not state which of the three accounts he lists had incomplete account numbers, what was missing from the "[d]etailed reporting histories," or what type of "[i]nternal account identifiers" were not

provided. Again, Plaintiff cannot adequately plead standing through conclusory assertions, Verlus, 2025 WL 836588, at *3, and as such, dismissal on this basis is warranted.

### B. Willfulness

The Court will also briefly discuss Defendant's willfulness argument. [ECF No. 10 at 5]. "The possibility for damages under the FCRA is twofold: A violation can result in actual damages if the defendant acted negligently, while statutory and punitive damages can be awarded if the defendant acted willfully." English v. TransUnion LLC, No. 25-cv-00574, 2026 WL 2321574, at *4 (S.D. Ohio Aug. 11, 2026). "FCRA violations are considered willful when the defendant violated the FCRA requirements knowingly or with a reckless disregard for statutory duties." Id.

Here, Plaintiff alleges that Defendant's "conduct was willful, or in the alternative reckless and negligent." [Compl. at 5]. With respect to willfulness, Plaintiff's Complaint states only that "Equifax's failure to provide a complete disclosure is not an isolated incident but part of a systemic practice that affects a substantial number of consumers nationwide." [Id.]. Accordingly, as his Complaint currently stands, Plaintiff has not sufficiently alleged that Defendant willfully violated the FCRA. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff's statement that Defendant's incomplete disclosures were part of a "systemic practice" affecting others nationwide, without any explanation as to what this alleged practice was or how Defendant was acting recklessly, is insufficient to "give [Defendant] fair notice of what the . . . claim is and the grounds upon which it rests," Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)), and to afford Defendant a "meaningful opportunity to mount a defense," Díaz-

Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).[1]

Likewise, in connection with Plaintiff's brief reference to negligence, although he asserts that he suffered actual damages including the "[l]oss of credit opportunities," "[e]motional distress," and "[f]inancial harm," these statements are conclusory at best given that Plaintiff fails to explain when or why he suffered emotional distress, financial harm or the loss of credit opportunities. [Compl. at 6]. Accordingly, as with his assertion of willfulness, he fails to adequately plead that he suffered actual harm resulting from any potential negligence on the part of Defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is hereby **GRANTED**, and Plaintiff's Complaint is **DISMISSED** without prejudice. Plaintiff may file an amended complaint within 21 days of the issuance of this order to cure the deficiencies identified herein.[2]

**SO ORDERED.**

November 12, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[1] Because the Court finds that Plaintiff has not sufficiently alleged facts to establish Article III standing or willfulness for his section 1681g(a) claim, the Court need not reach Defendant's argument regarding whether the allegedly incomplete disclosures bear on Plaintiff's creditworthiness. See [ECF No. 10 at 3–4]. That said, Plaintiff may want to take this argument into account should he prepare an amended complaint.

[2] In his opposition to Defendant's motion to dismiss, Plaintiff requests leave to file an amended complaint should the Court grant Defendant's motion to dismiss. [ECF No. 16 at 11].